

DA 12-0376

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 36N

DAVID GUNDERSON,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                  In and For the County of Yellowstone, Cause No. DV 10-2086
                  Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

            David Gunderson (Pro Se), Glendive, Montana

       For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
            Attorney General, Helena, Montana

            Scott Twito, Yellowstone County Attorney, Ann-Marie McKittrick,
            Deputy County Attorney, Billings, Montana

                      Submitted on Briefs:  January 16, 2013

                               Decided:  February 12, 2013

Filed:

                _____
                              Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      David Gunderson appeals from an order of the District Court for the Thirteenth Judicial District, Yellowstone County, denying his pro se Petition for Postconviction Relief.  We affirm.

¶3      In 2008, a jury convicted Gunderson of burglary and attempted sexual intercourse without consent.  The District Court determined that Gunderson was a persistent felony offender and sentenced him to 100 years in prison on the burglary charge and a consecutive term of life in prison on the charge of attempted sexual intercourse without consent, both to be served without the possibility of parole.  In its written judgment, the District Court imposed 51 conditions on Gunderson should he ever be released to the community.  This Court affirmed Gunderson's conviction and sentence on direct appeal with the exception of the District Court's imposition of the 51 conditions.  We remanded that matter to the District Court to strike the conditions from Gunderson's sentence.  *State v. Gunderson*, 2010 MT 166, 357 Mont. 142, 237 P.3d 74.

¶4      Gunderson filed his Petition for Postconviction Relief on December 14, 2010.  The District Court denied Gunderson's petition stating that Gunderson had not satisfied the

2

requirements of § 46-21-104(1)(c), MCA, "because he has failed to identify facts which support his grounds for relief and he did not attach any affidavits, records or other evidence to establish the existence of those facts." The court also determined that many of Gunderson's claims for relief were barred by *res judicata*.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal, we conclude that the issues in this case are legal issues, and they are controlled by settled Montana law which the District Court correctly interpreted.

¶6 Affirmed.

/S/ Laurie McKinnon

We Concur:

/S/ Mike McGrath
/S/ Beth Baker
/S/ Patricia Cotter
/S/ Michael E Wheat

3